**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL ISREAL CUEVAS MIRANDA,<br>CDCR #BJ-1072,<br>Plaintiff,<br>v.<br>J. AMAYA, C/O Officer for the State;<br>M. RAMIREZ, RJD Donovan, Warden,<br>Defendants. | Case No.: 26-cv-04121-AJB-VET<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND SCREENING PRO SE § 1983 COMPLAINT**<br><br>**(Doc. Nos. 2; 3)** |

Angel Isreal Cuevas Miranda, a state prisoner proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 1–2.)

In his Complaint, Miranda alleges that Defendant J. Amaya violated the Eighth Amendment when Amaya assaulted Miranda, breaking Miranda's nose while he was incarcerated at Richard J. Donavan State Prison ("RJD"). (Doc. No. 1 at 3–4.) Miranda further alleges that Defendant M. Ramirez also violated the Eighth Amendment by failing to adequately train Amaya. (*Id.* at 5.) As explained below, the Court **GRANTS** Miranda's IFP motion and **SCREENS** his Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court finds that Miranda adequately alleges an Eighth Amendment claim against

Defendant Amaya in Count One. But the Court finds that he fails to state any plausible claim for relief against Warden Ramirez in Count Two. The Court therefore **ORDERS** Miranda to file either an amended complaint that addresses the pleading deficiencies discussed below or a Notice of Intent to Proceed with the excessive-force claims alleged in Count One of his current Complaint against Defendant Amaya only.

## I. Motion to Proceed IFP

Generally, anyone initiating a civil action in a U.S. district court must pay a $405 filing fee, which includes a $350 statutory fee and a $55 administrative fee (although anyone granted IFP status is excused from paying the administrative fee). *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). If a plaintiff fails to prepay the entire fee, the lawsuit will not go forward unless the plaintiff's IFP motion is granted under 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

A prisoner filing an IFP motion must submit a "certified copy of the trust fund account statement (or institutional equivalent)," which must cover "the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Even if the court grants IFP status, the prisoner must pay the statutory filing fee. Payments, however, are determined based on the prisoner's available resources. The determination is as follows. First, courts calculate an initial filing fee payment. This initial fee is twenty percent of the larger of two amounts: either the average monthly deposits in the trust fund account over the past six months, or the average monthly balance in the account for the past six months. *See* 28 U.S.C. § 1915(b)(1), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Nevertheless, if a prisoner plaintiff has insufficient assets, no initial filing fee is required. Second, once the IFP motion is granted and the initial fee is charged, the remaining balance must be paid in installments. 28 U.S.C. § 1915(b)(1)–(2); *Bruce*, 577 U.S. at 84.

///

Miranda's IFP motion includes a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and a declaration from Miranda under penalty of perjury. (Doc. No. 2 at 1–8.) For the months provided, his monthly balance fluctuated between $0.00 and $161.89, his average monthly deposits were $160.00, and his available balance was $0.19 at the time his statement was printed. (*Id.*)

The Court therefore **GRANTS** Miranda's IFP motion. No initial partial fee will be charged since it appears Miranda presently has no means to pay. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action" simply because "the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Miranda is nevertheless required to pay the full $350 filing fee in installments as 28 U.S.C. § 1915(b)(2) calls for.

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Miranda is a prisoner proceeding IFP, federal law requires pre-screening of Miranda's claims before any defendants are required to file an answer. 28 U.S.C. §§ 1915(e)(2), 1915A(b). Pre-screening means that the Court must dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). Likewise, § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (citing 42 U.S.C. § 1983). The statute, though "not itself a source of substantive rights, . . . provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation and internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011).

Complaints filed *pro se* must be "liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

**B. Allegations in the Complaint**

Miranda names two defendants: RJD Correctional Officer J. Amaya and RJD Warden M. Ramirez. He raises two causes of action, *i.e.*, counts. Count One alleges that Officer Amaya violated Miranda's Eighth Amendment right when he used excessive force against Miranda on January 29, 2025. (Doc. No. 1 at 3–4.) According to Miranda's narrative, when Miranda attempted to walk away from Amaya on RJD's C-yard, Amaya followed and assaulted Miranda, striking Miranda several times in his face using both his fist and his open palm as Miranda attempted to protect his head and face from Amaya's

blows. (*Id.* at 3.) Miranda claims Amaya caused him great bodily injury and mental anguish by breaking his nose, which required surgery. (*Id.* at 3–4.)

Count Two alleges that Warden Ramirez also violated the Eighth Amendment by failing to adequately train RJD officers "who should always be trained to act in a professional manner." (*Id.* at 5.)

**C. Discussion**

**1. Excessive Force (Count One) – Defendant Amaya**

Unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). For claims arising out of the use of excessive physical force, the Court considers "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (*per curiam*) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted). Factors relevant to this inquiry include: "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321(1986)). "There is no legitimate need to use any force against an inmate who is neither violating prison rules nor reasonably believed to pose a security threat." *Stewart v. Ayala*, No. 21-cv-9638-RGK-AS, 2023 WL 2993042, at *2 (C.D. Cal. March 8, 2023) (citing *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991)).

Miranda alleges Amaya violated his Eighth Amendment rights on January 29, 2025, by striking him numerous times in the face. (Doc. No. 1 at 3–4.) The Complaint does not suggest any need justifying the use of such force, any threat posed by Miranda, or any effort on Amaya's part to temper the severity of his response. Rather, Miranda maintains he was trying to protect his face as Amaya delivered blows that allegedly caused such a severe injury to Miranda's nose that he required surgery. (Doc. No. 1 at 3–4.)

///

As currently pleaded against Amaya, Miranda's Complaint is sufficient to survive the threshold set for *sua sponte* screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Iqbal*, 556 U.S. at 678; *Hudson*, 503 U.S. at 7; *see also Hughes v. Rodriguez*, 31 F.4th 1211, 1222 (9th Cir. 2022) (affirming denial of summary judgment for officers alleged to have beaten and permitted a canine to bite prisoner "after he was fully subdued"); *Duclos v. Smith*, No. 1:24-cv-00515-HBK-PC, 2024 WL 5508219, at *3 (E.D. Cal. June 24, 2024) (finding prisoner adequately pleaded an excessive force claim where he claimed officers struck him so forcefully in the face that he "dropped to the ground immediately" even though he posed no credible threat to officers by simply "raising [his] hands" and asking what they were doing); *Quinones v. Parr*, No. 3:20-cv-00390-MMD-CLB, 2021 WL 8321869, at *3 (D. Nev. Oct. 28, 2021) (finding prisoner's allegations of having been tased and beaten by officers "after they found him sitting against a wall with his legs crossed, hands in the air, and compliant" sufficient to survive screening pursuant to 28 U.S.C. § 1915A).

**2. Excessive Force – Defendant Ramirez**

Miranda, however, fails to state a plausible Eighth Amendment claim against Warden Ramirez. Miranda's claim against Ramirez states only that Ramirez had "not properly train[ed] the [correctional officers] who should always be trained to act in a professional manner." (Doc. No. 1 at 5.) Miranda then lists multiple terms of art: "GBI[,] cruel & unusual punishment[,] excessive use of force[,] failure to protect." (*Id.*)

"A prison official in a supervisory position may be held liable under § 1983" only "if he was personally involved in the constitutional deprivation or a sufficient causal connection exists between his unlawful conduct and the constitutional violation." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citing *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003)). "This causal connection can include: 1) [the supervisor's] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) [their] conduct that showed a reckless or callous indifference to

the rights of others." *Id.* (citations and internal quotation marks omitted). Here, the Complaint contains no factual allegations from which the Court could infer a causal connection between any culpable act or omission on the part of Warden Ramirez and the alleged constitutional violation by Officer Amaya. *Cf. Est. of Gutierrez ex rel. Benitez v. Castillo*, No. 21-cv-01292-H-LL, 2021 WL 5989972, at *5 (S.D. Cal. Dec. 17, 2021) (finding at the pleading stage that plaintiff adequately alleged a § 1983 claim against the San Diego Chief of Police for failure to properly train officers in de-escalation techniques, handling individuals with mental health issues, and firearm use, where the plaintiff cited *two prior incidents* where San Diego police had similarly shot individuals in psychiatric crises). The Court therefore concludes Miranda fails to allege facts sufficient to support a plausible claim for relief against Defendant Ramirez.

**D. Summary and Miranda's Options**

In sum, while Miranda's Eighth Amendment claim against Amaya is sufficiently pleaded, his Complaint requires dismissal with respect to Warden Ramirez. Since it is not "absolutely clear" that Miranda cannot fix the pleading deficiencies in his claim against Ramirez, *see Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015), he has two options: (1) Miranda may simply notify the Court of his intent to proceed only with the Eighth Amendment excessive force claims he has adequately alleged against Defendant Amaya; or (2) Miranda may file an amended complaint that includes his adequately pleaded claim ***and*** corrects his deficiencies of pleading with respect to Warden Ramirez. **Miranda must choose one of those two options within 45 days of the date this Order is filed.**

If Miranda notifies the Court that he wishes to proceed only with his excessive force claim against Defendant Amaya, the Court will direct the Clerk to issue a summons upon Defendant Amaya, and order the U.S. Marshal to effect service upon Amaya on his behalf pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). But his insufficiently pleaded claim against Warden Ramirez will remain dismissed from this action. If Miranda chooses to file an amended complaint, that pleading will be subject to another preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) before the Court determines whether

U.S. Marshal Service upon any Defendant is warranted. If Miranda does nothing, the Court will dismiss the case based on his failure to prosecute in compliance with a court order.

**III. Conclusion**

Thus, for the reasons explained, the Court:

1. **GRANTS** Miranda's Motion to Proceed IFP (Doc. No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect the $350 filing fee owed in this case and forward monthly payments from Miranda's account to the Clerk of the Court as required by 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** all claims against Defendant Ramirez based on Miranda's failure to state a plausible claim for relief against him pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

5. **GRANTS** Miranda forty-five (45) days' leave from the date of this Order in which to file either: (A) a Notice of Intent to Proceed with his excessive-force claims against Amaya; ***or*** (B) an amended complaint that corrects the deficiencies of pleading identified in this Order. If Plaintiff files a Notice of Intent to proceed against Amaya only, he may include a request that the U.S. Marshal effect service of summons and his original Complaint on Amaya pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

If Miranda instead chooses to amend, his new pleading must be clearly titled as his amended complaint, contain S.D. Cal. Civil Case No. 26-cv-4121-AJB-VET in its caption, and be complete in itself without reference to his original Complaint. Defendants not named and any claim not realleged in Miranda's amended complaint, *including the currently sufficient excessive force claim alleged against Amaya in his original Complaint*, will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims

dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Miranda fails to file an amended complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Miranda's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: August 26, 2026

Hon. Anthony J. Battaglia
United States District Judge