**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL ISREAL CUEVAS MIRANDA, CDCR #BJ-1072,<br>Plaintiff,<br>v.<br>J. AMAYA, C/O Officer for the State; M. RAMIREZ, RJD Donovan, Warden,<br>Defendants. | Case No.: 26-cv-04121-AJB-VET<br>**ORDER: (1) DISMISSING CLAIM AGAINST DEFENDANT RAMIREZ, AND**<br>**(2) DIRECTING U.S. MARSHALS TO EFFECT SERVICE OF THE COMPLAINT AND SUMMONS ON DEFENDANT AMAYA** |

On July 15, 2026, Plaintiff Angel Isreal Cuevas Miranda, a state prisoner proceeding *pro se*, filed a civil rights Complaint under 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 1–2.) On August 27, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* but screened and dismissed his Complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because, while he adequately alleged an Eighth Amendment claim against Defendant Amaya in Count One, the Court found that he failed to state any plausible claim for relief against Warden Ramirez in Count Two. (Doc. No. 3 at 5–7.) The Court gave Plaintiff the option to either: (1) notify the Court of his intent to proceed with his excessive-force claims against Amaya only or (2) file a First Amended Complaint that corrected the deficiencies of pleading identified in

the Court's screening Order. (*Id.* at 8.) Plaintiff was instructed that if he decided to proceed only with his excessive-force claims against Amaya, the Court would issue an Order directing the U.S. Marshals to effect service of the summons and Complaint on Defendant Amaya and dismiss all remaining claims against Warden Ramirez. (*Id.*)

On September 25, 2026, Plaintiff filed a Notice of his intent to proceed with his excessive-force claims against Defendant Amaya only. (Doc. No. 4 at 1–2.) On October 5, 2026, the Court received a second Notice from Plaintiff (dated September 23, 2026) that similarly indicates that he intends to proceed only with the claim against Defendant Amaya. (Doc. No. 5 at 1–3.)

## CONCLUSION

Accordingly, the Court:

1. **DISMISSES** all claims against Defendant Ramirez, **DIRECTS** the Clerk of Court to terminate Warden M. Ramirez as a party, and further **DISMISSES** all claims as alleged in Counts Two of Plaintiff's Complaint, as set forth in the Court's August 26, 2026 Order while allowing only excessive-force claims alleged in Count One against Defendant Amaya to proceed.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) for Defendant Amaya and forward it to Plaintiff along with a copy of the Court's Order Granting Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 3), and a blank U.S. Marshals Form 285 for this Defendant. The Clerk will provide Plaintiff with a certified copy of his Complaint and the summons so that he may serve the Defendant. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete Form USM-285 as completely and accurately as possible. Plaintiff must include an address where Defendant Amaya may be found or subject to service pursuant to Local Civil Rule 4.1(c) of the Southern District of California. Plaintiff must then return the form to the U.S. Marshals according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

3. **ORDERS** the U.S. Marshals to serve a copy of the Complaint and summons

upon Defendant Amaya as directed by Plaintiff on the Form USM-285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant Amaya, once served, to reply to the surviving excessive-force claims in Count One of Plaintiff's Complaint, and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) ("The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.").

5. **ORDERS** Plaintiff, after service, to serve upon Defendant Amaya or Defendant's counsel a copy of every further pleading, motion, or other document submitted for the Court's consideration. *See* Fed. R. Civ. P. 5(b). With every original document Plaintiff seeks to file, he must include a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or Defendant's counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

Dated: October 7, 2026

Hon. Anthony J. Battaglia
United States District Judge